IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

| | |
|---|---|
| STEVE PEGG<br>2301 REFLECTION LANE<br>PROSPER, TX 75078<br><br>    PLAINTIFF<br><br>- VS. -<br><br>NEXUS RVS, LLC<br>1031 US 224 E, BOX 31<br>DECATUR, IN 46733<br><br>    DEFENDANT | CASE NO.<br><br><br><br>COMPLAINT AND JURY DEMAND<br><br>(BREACH OF CONTRACT) |

**PRELIMINARY STATEMENT**

1. This case involves claims arising from a defective Rv which Nexus Rv designed, built, manufactured, sold and warranted to Plaintiff but whose defects started at delivery of the vehicle and continued throughout the warranty term, mounting to more than 70 different defects, involving repeated repair attempts, and more than 100 days out of service during the 6 months that Plaintiff has owned the Rv.

2. Jurisdiction exists with this court because a federal claim exists in

which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

## IDENTIFICATION OF PARTIES

3. Steve Pegg is a natural person residing in Texas and is a consumer and buyer within the meaning of applicable laws.

4. Nexus Rvs, LLC[1] is a corporation authorized to do business and doing business in Indiana and elsewhere and is a seller and warrantor of a recreational vehicle that Plaintiff purchased from Nexus Rv.

## FIRST CLAIM: BREACH OF WARRANTY & CONTRACT

5. This case involves a defective 2017 Nexus Ghost recreational vehicle that Nexus Rv warranted but which was not able to be repaired within a reasonable number of chances or a reasonable amount of time and whose warranty Nexus Rv breached.

6. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

---

[1] Hereafter referred to as Nexus Rv.

7. This claim is for breach of contract and/or warranties by Nexus Rvs LLC doing business as Nexus Rvs in Indiana and elsewhere.

8. As a result of the above, and the allegations below, inter alia, Nexus Rv breached its warranties to the injury of Mr. Pegg and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

9. At all times relevant, Mr. Pegg was a consumer.

10. At all times relevant, Nexus Rv was a supplier and merchant.

11. On or about May 4, 2016 the parties entered into a consumer transaction, in that Mr. Pegg agreed to purchase from Nexus Rv, Nexus Rv agreed to sell to Mr. Pegg a certain Rv.

12. As part of the transaction with Mr. Pegg, Nexus Rv agreed to warrant the vehicle to be free from defects and/or malfunctions, the goods being a certain 2017 Nexus Ghost recreational vehicle believed to bear VIN # 1HTMMMML9GH412787.

13. Mr. Pegg purchased the vehicle in reliance on the existence of written express warranties from Nexus Rv and on the advertising representations and/or express and/or implied warranties of Nexus Rv.

14. After purchasing the vehicle, Mr. Pegg discovered that it did not

      conform to the representations of Nexus Rv inasmuch as it developed continuing malfunctions, defects and problems and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

15. The Rv's defects include, but are not limited to: multiple water leaks, slide out system seals, the leveling system, the water tank, heating system, emergency shut off valve on the propane tank, roof is separating in several areas, the hot water system is intermittently inoperable, doors misaligned, numerous dents, and more.

16. Because of the numerous warranty-covered defects, Mr. Pegg notified Nexus Rv of the defects beginning on the date of its intended delivery and repeatedly thereafter.

17. Mr. Pegg gave Nexus Rv an opportunity to cure its unfair, and/or abusive, and/or deceptive and/or unconscionable acts but it failed to do so.

18. As a result Nexus Rv breached its express and/or implied warranties and contract(s) and committed one or more unfair, and/or abusive, and/or deceptive and/or unconscionable acts and/or practices which are uncured and/or were incurable.

19. As a result, Nexus Rv's warranties failed of their essential purpose and any limitations contained within the warranty are null and void

and Mr. Pegg is entitled to all applicable legal and equitable remedies in law.

20. In addition, any limitations contained within the warranty are null and void and without consideration and Mr. Pegg is entitled to all applicable legal and equitable remedies in law.

21. Through its advertising and otherwise, Nexus Rv represented that the recreational vehicles it built and sold were fit for the purpose for which they were designed, that they were safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Mr. Pegg purchased the vehicle in reliance upon the belief that Nexus Rv possessed a high degree of manufacturing skill and judgment.

22. By operation of law, Nexus Rv gave to Mr. Pegg an implied warranty of merchantability and fitness for use, but the vehicle involved in this case was not, however, of merchantable quality or fit for use and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

23. Through its advertising and otherwise, Nexus Rv represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such

vehicles are designed and used, and Mr. Pegg relied on such, but the vehicle involved in this case was not, however, of merchantable quality or fit for use and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

24. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Mr. Pegg and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

25. Nexus Rv's failure to timely fix all of the Rv's defects caused Mr. Pegg to lose confidence in the reliability of the subject motor vehicle and in the ability of Nexus Rv to repair the Rv's defects and comply with its agreement(s) and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

26. Mr. Pegg provided Nexus Rv and/or its repair and service agents with a reasonable number of opportunities to repair the vehicle but it neglected, failed, refused or otherwise were unable to do so within a reasonable amount of time or a reasonable number of attempts.

27. One or more of the defects and malfunctions in the vehicle were covered under the terms of Nexus Rv's warranties, and Nexus Rv failed to repair the vehicle in a timely manner, thereby diminishing

the use and/or safety and/or value of the vehicle and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

28. Nexus Rv and/or one or more of its authorized agents had notices of the breaches of the warranty and the defective condition of the subject motor vehicle within a reasonable time.

29. Mr. Pegg suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Nexus Rv to repair or replace the vehicle or refund its price and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

### SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

30. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

31. This claim is for breach of express and/or implied warranties and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq. by Nexus Rv.

32. The subject vehicle was a product designed and intended for consumer use.

33. As part of the transaction with Mr. Pegg, Nexus Rv gave and/or made

to Mr. Pegg one or more written express and/or implied warranties.

34. The Magnuson Moss Warranty Act, at 15 USC 2302 requires that all warrantors "fully and conspicuously disclose in simple and readily understood language the terms and conditions" of their warranty. The Nexus Rv Limited Warranty does not do that; in fact its terms are convoluted, confusing and self-contradictory.

35. The Magnuson Moss Warranty Act, at 15 USC 2308, states that no supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if the supplier makes any written warranty to the consumer with respect to such consumer product, but that is exactly what Nexus did in one or more of its written warranty representations to Mr. Pegg. 15 USC 2308 goes on to state that any disclaimer made in violation of that section "shall be ineffective".

36. In the "Nexus Rvs Buyers Agreement" with Mr. Pegg, Nexus Rv did not disclaim any express or implied warranties so by operation of law, Nexus Rv gave Mr. Pegg an implied warranty of merchantability by its failure to conspicuously disclaim it.

37. In the "Nexus Rv Buyer's Order" with Mr. Pegg, executed at the same time as the "Nexus Rvs Buyers Agreement," Nexus Rv inserted

wording which purported to deny giving any express or implied warranties at all. At the same time, in the "Nexus Rv Buyer's Order," Nexus Rv represented that the subject new vehicle was subject to a written manufacturer's warranty which was "made by the manufacturer and not by us" but Nexus Rv is itself the manufacturer of the subject vehicle.

38. In the Nexus Rv retail instalment contract with Mr. Pegg, Nexus Rv inconspicuously agreed that warranty information would be provided separately.

39. In the Nexus Rvs limited warranty document on the subject vehicle, Nexus Rv gave a written warranty for one year to Mr. Pegg. That document also included wording that stated that the written warranty was in lieu of any implied warranty. Then, using nonsensical wording, it said that if state or federal law prohibited the exclusion of any "remedy" permitted under state or federal law, then any such remedy, "including ... implied warranties of fitness, use, merchantability or purpose, is limited to one(1), but not limited to, any implied warranty of merchantability or fitness for a particular purpose." Later it also says that it disclaims "any implied warranty of merchant ability or fitness for a particular purpose, to the extent applicable law allows

and the provisions hereof".

40. As a result of the above, Nexus Rv provided Mr. Pegg with inconsistent and contradictory warranty disclosures and thereby violated the Warranty Act.

41. As a result of the allegations set for in the first claim and also above, among other things, Nexus Rv acted in an unfair, and/or abusive, and/or deceptive and/or unconscionable manner and/or failed to comply with its obligations under the Warranty Act in one or more manners, and that was itself unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

42. As a result of the allegations set for in the first claim and also above, among other things, Nexus Rv breached its express and/or implied warranties without legal excuse and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Mr. Pegg.

43. As a result of the above, inter alia, Nexus Rv is in violation of the Warranty Act.

**WHEREFORE**, judgment is demanded against defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, damages as allowed by law, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, damages as allowed by law, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence, rescission of the contract plus damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation and/or claim which may be proven at trial;

Plus on each and every claim, expenses of suit and litigation, interest from the date of the sales contract, and an Order finding Plaintiff to have rescinded the transaction and/or to have revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiff demands trial by jury on all claims and issues.

                    Respectfully Submitted,

                    /s/Ronald L. Burdge
                    RONALD L. BURDGE
                    ELIZABETH A. WELLS
                    SCARLETT M. STEUART
                    Attorneys for Plaintiff
                    8250 Washington Village Drive
                    Dayton, OH 45458-1850
                    Telephone:    937.432.9500
                    Fax:    937.432.9503
                    Email:    Ron@RvLemonLaw.com
                              Beth@BurdgeLaw.com
                              Scarlett@BurdgeLaw.com

Z:\data\Pegg\Core\Core Complaint 111816 ss.wpd